### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT SNEDEKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Law No: 1:16-cv-10907 |
| ) | |
| FORMER CHIEF RICH GIROT, Individually, and ) | |
| in his official capacity as Chief of Police of the City ) | Honorable John Robert Blakey |
| of Braidwood and the CITY OF BRAIDWOOD and ) | |
| OTHER UNKNOWN EMPLOYEES of the City of ) | |
| Braidwood, ) | |
| ) | |
| Defendants. ) | |

### FORMER CHIEF RICH GIROT'S MOTION TO DISMISS
### PLAINTIFF'S FIRT AMENDED COMPLAINT

NOW COMES the Defendant, FORMER CHIEF RICH GIROT, Individually, and in his official capacity as Chief of Police of the City of Braidwood, by and through his attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for his Motion to Dismiss Plaintiff's First Amended Complaint filed pursuant to Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6), states as follows:

1. Plaintiff Robert Snedeker filed a two-count Section 1983 lawsuit against the City of Braidwood and former police chief Rich Girot stemming from Girot's alleged interference with Snedeker's petition to run as a candidate for the Office of Mayor for the City of Braidwood during the 2015 election year. More specifically, Snedeker alleges that Girot improperly ran a search of the Law Enforcement Agencies Database System (LEADS) concerning Snedeker's criminal history to remove him from the ballot for Mayor of the City of Braidwood. *See* Court Doc. No. 18, a copy of which is attached to the City of Braidwood's Motion to Dismiss, marked as Exhibit A.

2. Girot filed an objection to Snedeker's candidacy in light of Snedeker's criminal history on December 26, 2014, and Snedeker withdrew his candidacy on January 6, 2015. *See* Plaintiff's Petition for Candidacy (HRVA 1-10), which is attached to the City of Braidwood's Motion to Dismiss, marked as Exhibit B; Girot's Objection to Plaintiff's Petition for Candidacy (HRVA 11-19), which is attached to the City of Braidwood's Motion to Dismiss, marked as Exhibit C; and, Plaintiff's Withdrawal of Candidacy (HRVA 20), which is attached to the City of Braidwood's Motion to Dismiss, marked as Exhibit D. *See also Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that the district court properly considered and took judicial notice of matters of public record in deciding the defendants' Rule 12 motions to dismiss); *Santana v. Cook County Bd. of Review*, 679 F.3d 614 (7th Cir. 2012) (transcript and news segments were not "matters outside pleadings" under Rule 12 because they were both documents to which complaint had referred, documents were concededly authentic, and they were central to plaintiff's claim); *Enervations, Inc. v. 3M*, 380 F.3d 1066 (8th Cir. 2004) (finding that defendant's letter and a memorandum of understanding were embraced by the contract at issue and, thus, could be considered in ruling on the Rule 12 motion to dismiss); *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) (a court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss, including matters of public record).

3. Theories of liability asserted by Snedeker against Girot and the City of Braidwood include:

    Count I:    Equal Protection – Class of One (42 U.S.C. 1983)
    Count II:   First Amendment Violation (42 U.S.C. 1983)

See Court Doc. No. 18 (Exhibit A).

4-17.    Defendant Girot adopts paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the City of Braidwood's Motion to Dismiss Plaintiff's First Amended Complaint filed on 3/17/17 as if it was set forth herein with regard to standing and no injury suffered by the Plaintiff. As the Plaintiff is ineligible to hold any public office as a matter of law due to his felony conviction, Plaintiff suffered no injury.

### PROBABLE CAUSE, THOUGH NOT REQUIRED, EXISTED FOR AN INVESTIGATION OF PLAINTIFF

18.    Plaintiff, in this matter, filed nomination papers that included a sworn statement of candidacy which in part states "…that I am legally qualified to hold such office…", as part of the nomination papers he filed as a candidate. (A copy of Plaintiff's Statement of Candidacy is attached hereto, marked as Exhibit 1).

19.    This court may take judicial notice of Illinois Statute 65 ILCS 5/3.1-10-5 (Illinois Municipal Code) which states as follows:

> **5/3.1-10-5.    Qualifications; elective office**
>
> …
> (b)    A person is not eligible for an elective municipal office of that person is in arrears in the payment of a tax or other indebtedness due to the municipality or has been convicted on any court located in the United States of any infamous crime, bribery, perjury, or other felony.
> …

20.    This court may also take judicial notice of Illinois Statute 10 ILCS 5/29-10 (Illinois Election Code) which states as follows:

> **10 ILCS 5/29-10    Perjury**
>
> Any person who makes a false statement, material to the issue ort point in

question, which he does not believe to be true, in any affidavit, certificate or sworn oral declaration required by any provision of this Code shall be guilty of a Class 3 felony.

…

21. Moreover, this court may take judicial notice of Illinois Statute 10 ILCS 5-29-12, a Section the Illinois Election Code which states:

**10 ILCS 5/29-12    Disregard of Election Code**

Except with respect to Article 9 of this Code [10 ILCS 5/9-1 et seq.], any person who knowingly (a) does any act prohibited by or declared unlawful by, or (b) fails to do any act required by, this Code, shall, unless a different punishment is prescribed by this Code, by guilty of a Class A misdemeanor.

22. Plaintiff in his First Amended Complaint, states that the Defendants did not have probable cause to "investigate" the Plaintiff. However, probable cause exists when (the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 1661, 134 L.E.2d 911 (1996). Therefore, probable cause requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983). In determining whether probable cause exists, an official must consider the totality of circumstances. *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. In this case, Plaintiff filed a Statement of Candidacy stating under oath he was qualified to hold the office of Mayor. Plaintiff has a felony criminal record. Under the Illinois Municipal Code, you are not qualified to hold a municipal office if you have been convicted of a felony. 65 ILCS 5/3.1-10-5 (2014 as amended). A knowingly false statement made with regard to a document required by the Illinois Election Code is a class 3 felony (Perjury). 10 ILCS 5/29-10 (2014 as amended). Under the Fourth Amendment requirements of probable cause, the Defendant would

have reason to investigate Plaintiff's background if Plaintiff's extensive criminal record was still in force. (e.g. no pardon or other official change in Plaintiff's criminal background). U.S.C.A. Const. Amend. 4.

23. This result comports with *Willan v Columbia County*, 280 F.3d 1160 (7th Cir. 2002). In *Willan*, a former mayoral candidate brought a 1983 action against law enforcement officials for disseminating information about the candidate's criminal history found in an FBI database. The trial court granted summary judgment against the candidate. On appeal, the Seventh Circuit Court of Appeals held that a record of a candidate's post-conviction of a felony was a public record and its disclosure did not violate the candidate's right of privacy. (A copy of *Willan v Columbia County* is attached hereto, marked as Exhibit 2).

24. Defendant Girot's position is further supported by the Illinois Supreme Court decision in *People v. Harris*, 228 Ill.2d 222 (2008) which held that a warrant check on a passenger in a vehicle would not be supported by reasonable articulable suspicion of criminal conduct as it does not reveal any legitimate private information. See *Illinois v. Caballes*, 543 U.S. 405 (2005). As Defendant Girot did have a legitimate law enforcement purpose to check the Plaintiff's background, even though one is not required, Plaintiff's First Amended Complaint should be dismissed.

WHEREFORE, the Defendant, FORMER CHIEF RICH GIROT, Individually, and in his official capacity as Chief of Police of the City of Braidwood, respectfully prays that this Honorable Court grant this Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and grant such other relief as this Court deems just and proper.

        Respectfully submitted,

        RATHBUN, CSERVENYAK & KOZOL, LLC


        By: /s/ Scott Pyles
            Scott Pyles


Scott Pyles / 06208185
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, IL 60431
(815) 730-1977
spyles@rcklawfirm.com